United States District Court

Middle District of Florida

Orlando Division

Morris Weinstein

Plaintiff,

v.

Case No. 6:22-cv-42-ORL-37LRH

Zippy Shell Incorporated,

&

Sin City BJ, LLC aka
Zippy Shell of Las Vegas

Defendants.

Complaint and Demand for Jury Trial

**Complaint Alleging Fraudulent Inducement, Intentional Misrepresentation, Breach of Contract, Intentional Infliction of Emotional Distress, Negligence, & Violations of The Nevada Deceptive Trade Practices Act**

(28 U.S.C. § 1332; Diversity of Citizenship)

## I.   The Parties to This Complaint

**Plaintiff** Morris Weinstein is a U.S. citizen domiciled at:

5313 Hansel Avenue, D-17, Edgewood, FL 32809.

Tel.  (925) 890-5714;  eMail. mpw@pobox.com.

**Defendant One:** Zippy Shell Incorporated is a Delaware Corporation with its principal office at: 11640 Northpark Dr., Suite 300, Wake Forest, Wake County, North Carolina 27587. Tel. (888) 947-7974. It may be served at its Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

**Defendant Two:** Sin City BJ, LLC aka Zippy Shell of Las Vegas is a Nevada limited liability company with its principal office at 2711 E Craig Rd, North Las Vegas, Clark County, NV 89030. It may be served at its Registered Agent: Brian Linsey, 6425 Ponderosa Way, Las Vegas, NV 89118.

## II.  Basis For Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is diverse from both Defendants and both Defendants are diverse from each other.

**Plaintiff** Morris Weinstein, is a citizen of the State of Florida.

**Defendant One:** Zippy Shell Incorporated is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of North Carolina.

2

**Defendant Two:** Sin City BJ, LLC aka Zippy Shell of Las Vegas is a Nevada Limited Liability Company and has its principal place of business in the State of Nevada.   All LLC members are Nevada residents.

## III.   The Amount in Controversy

More than $75,000, not counting interest and costs of court.

Defendants irreparably damaged Plaintiff's Alexander Calder mobile worth in excess of $3,000,000.

## IV.   Plaintiff's Causes of Action

### A.   Fraudulent Inducement

Plaintiff, 80 years old and in failing health, decided to move from Las Vegas to Orlando to be closer to his friends Zane McCarthy ("McCarthy") and his wife Kathryn who offered to help him move to Orlando and keep an eye on him.

McCarthy offered to rent a truck and he would drive Plaintiff's possessions to Orlando.  Plaintiff would pay for truck rental, gas, food and lodging enroute estimated to cost no more than $6,000.

In 2019, Zippy Shell of Las Vegas had moved Plaintiff's same possessions from Henderson, Nevada to Las Vegas, Nevada. Plaintiff

contacted CEO Brian Linsey ("Linsey"), who suggested using a Zippy Shell container ("POD") instead of renting a truck.  He said that he could not provide quote, because, per his franchise agreement, he handled only local moves.  Linsey referred Plaintiff to Zippy Shell Incorporated which handled long distance moves.

On August 30, 2021, Plaintiff spoke with Zippy Shell Incorporated Long Distance Move Coordinator, Forrest Maynard ("Maynard").  Plaintiff told him that he had been referred Zippy Shell of Las Vegas who had moved him from Henderson to Las Vegas in 2019.

Maynard said that one large container ("POD") would normally be sufficient to move all of Plaintiff's possessions.  Maynard said that Zippy Shell Incorporated usually charged $4,400 to move using a large POD, but because Plaintiff was a repeat customer, if Plaintiff signed a contract with Zippy Shell Incorporated within seven days, the POD price would be $3,900.  (Exhibit 1).  This did not include POD loading help which Zippy Shell Incorporated offered for $325.

Maynard sent a written offer attaching a contract for Plaintiff to sign within 7 days to preserve the $3,900 estimate.  (Exhibit 1).

McCarthy agreed that moving with a POD would be less hassle than renting a truck and driving it to Orlando.  The $500 discount made it markedly cheaper.

Plaintiff called Maynard and said that he didn't want any surprises and needed to be sure that one POD would be sufficient to move all his possessions, because if he needed more than one POD it would cost more than renting a truck.

Maynard said that without seeing Plaintiff's possessions, he could only estimate and one large POD was usually sufficient to hold the contents of a two-bedroom apartment.  Plaintiff pointed out that Zippy Shell of Las Vegas had moved essentially the same things in 2019 and that Plaintiff had sent pictures that Linsey used to estimate the cost of the 2019 move.  Maynard said he would check with Zippy Shell of Las Vegas.

McCarthy and his wife were having trouble finding a hole in their schedule- the early October date in the contract would not work for them.  Maynard said that he would hold the $3,900 price, if Plaintiff signed the contract and paid a 50% refundable deposit.  When Maynard agreed that Plaintiff could change the drop off date at his

5

option without penalty, Plaintiff signed the contract and furnished his credit card details for the deposit.   (Exhibit 2)

After McCarthy firmed up his dates, Plaintiff changed the pod drop off date to September 18, 2021. (See Ex. 3).

## B.   Intentional Misrepresentation

On September 14th Linsey sent a four-man crew led by Dan Gonzalez ("Dan") to help Plaintiff pack some fragile things.  Dan remembered that he had led the crew that moved Plaintiff's belongings from Henderson to Las Vegas in 2019.

One crew member said that he didn't think everything would fit in one POD.  Plaintiff said, if true, he would have to cancel the contract and rent a truck.  Dan said that he thought that one POD would suffice.   Plaintiff did not cancel the contract.  Plaintiff apologized that he had no cash for a tip and Dan suggested that Plaintiff ask Linsey to send the same crew to pick up the loaded pod on September 20th.

## C.   Breach of Contract

On September 3, 2021, Plaintiff entered into a written contract with Defendant Zippy Shell Incorporated. (*See* Exhibit 2).  The contract provided:

**ORIGIN INFORMATION**

| | |
|---|---|
| Delivery Address: | 8259 Turtle Creek Circle |
| City, State, Zip: | LAS VEGAS, NV89113 |
| Container Drop Off Date: | October 1, 2021 |
| Container Pick Up Date: | October 4, 2021 |
| Container Loading Period: | 3 Days (Self-Load) |
| Type of Residence: | House |
| Loading Help Requested? | Self-Loading |
| Storing at Origin? | No Storage/Ship ASAP   (*See* **Exhibit 2**) |

Plaintiff changed the POD drop off date from October 1, 2021 to September 18, 2021.

Drop-Off Date: 9/18/2021
Pick Up Date: 9/19/2021
Time to Deliver: TBD
Loading Services: Self Loading                    (*See* **Exhibit 3**)

On September 18, 2021, the plaintiff had complied with his obligations under the contract.

Defendant Zippy Shell Incorporated breached the contract and did not drop off a POD at Plaintiff's Las Vegas residence on September 18, 2021. Plaintiff and friends could not load the POD.

## D.   Intentional Infliction of Emotional Distress

On September 20, 2021, Zippy Shell of Las Vegas employees Dan Gonzalez ("Dan") and crew arrived with a truck.  Dan said that there was a pod inside the truck, but it was not large enough to hold Plaintiff's possessions and that Plaintiff probably needed 3 pods to move everything.

Dan said the crew was ready to load the pod that was in the truck and two more pods could be delivered while they loaded the first pod, and everything would be done in time for Plaintiff and McCarthy to make their afternoon flight to Orlando.  However, Dan said that he was instructed not to unload the pod in the truck unless Plaintiff paid an additional $7,800.

Plaintiff hit the roof and said that this was outrageous!  Trebling the contract price at last minute was blackmail and he would not pay it and would sue everyone, including Dan.

Plaintiff was angry and upset and his Apple watch sounded a rapid heart rate and high blood pressure warning.  McCarthy's wife told Plaintiff to calm down.  There was still time to handle it.

McCarthy took charge, rented a truck from Penske and his wife drove him in Plaintiff's car to get it.   Plaintiff phoned Maynard and left a message canceling the move and was told, "There will be a penalty. The contract provides that all sums already paid are forfeit if the move is cancelled on the day of the move."

### E.   Negligence

Dan said that he and his crew would wait and load the truck. When McCarthy returned with the truck, pressed for time, they loaded the truck in a frenzy.  When Dan said that they had loaded everything the crew departed.  McCarthy locked the truck and left it at airport parking.  He and Plaintiff barely made the flight.

Subsequently, McCarthy flew back to Las Vegas and drove the truck to Orlando.  When the truck was unlocked and unloaded, one of the two packages containing Plaintiff's Alexander Calder mobile was missing.  The crew had not loaded it.  The missing piece contained the artist's signature, completely destroying its value.

### F.   Intentional Fraud – Unauthorized Credit Card Charges

After he arrived in Orlando, Plaintiff received his September credit card bill, and discovered fraudulent charges:

| Date. | Merchant | Amount |
|-------|----------|--------|
| 9/12/21 | ZippyShell Las Vegas | 617.00 |
| 9/18/21 | 1-800-Pack-Rat | 189.00 |
| 9/19/21 | ZippyShell Las Vegas | 325.00 |
| 9/20/21 | ZippyShell Las Vegas | 325.00 |
| 9/21/21 | ZippyShell Las Vegas. | 1,822.69 |

Plaintiff contacted the credit card company and had all charges reversed on the grounds that he had been defrauded. The credit card company reversed the charges, but said that the reversals were

provisional because Plaintiff had given them his card number, expiration date and security code. It would contact Defendants and would restore the charges if Defendants denied Plaintiff's fraud allegations. Apparently, Defendants did not challenge Plaintiff's fraud assertions as the charges were never restored.

### G. Deceptive Trade Practices

NV Rev Stat § 598 provides that if an elderly person ... suffers damage or injury as a result of a deceptive trade practice, he may commence a civil action to recover the actual damages suffered, punitive damages, and reasonable attorney s fees.

NV Rev Stat § 598 also provides that the court may award restitution, treble damages, reasonable attorney's fees and costs.

## V. Relief

Plaintiff seeks damages for (1) losing Plaintiff's Alexander Calder mobile. (In 2008, Sotheby's auction house estimated its value at $400,000. In 2021 the Phillips auction house sold a similarly sized Calder mobile for $4,628,000.); (2) Defendant's outrageous conduct causing Plaintiff emotional and physical distress: and (3) punitive and

treble damages and attorney fees as authorized by Nevada's Deceptive Trade Practices Act.

Plaintiff does not seek damages for Defendant's fraudulent credit card charges having already recovered them.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11 , by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served. I understand

11.

that my failure to keep a current address on file with the Clerk's

Office may result in the dismissal of my case.

Date of signing: January 6, 2022

Morris Paul Weinstein
5313 Hansen Ave. D-17
Edgewood, FL 32809
Tel. (925) 890-5714
eMail. mpw@pobox.com

12

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2022, a true copy of the foregoing Complaint was filed and served by U.S. Mail, Postage Pre-Paid to the following:

Zippy Shell Incorporated
11640 Northpark Dr., Suite 300
Wake Forest,
North Carolina 27587

and to its Registered Agent:

Corporation Service Company,
251 Little Falls Drive,
Wilmington, Delaware 19808.

Also

Sin City BJ, LLC aka Zippy Shell of Las Vegas
2711 E Craig Rd,
North Las Vegas, NV 89030

and to its Registered Agent:

Brian Linsey
6425 Ponderosa Way,
Las Vegas, NV 89118

Zane McCarthy